# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **BARBARA FENELON JACKSON, ET AL.** | **CIV. ACTION NO. 5:22-05228** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **U. S. DEPT OF HOUSING & URBAN DEVELOPMENT, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that the suit be DISMISSED.

## Background

On September 7, 2022, mother and daughter Plaintiffs, Barbara Fenelon Jackson and Cheryl Fenelon (collectively, "the Fenelons"), filed the instant complaint against 30 named Defendants, plus ten John Doe Defendants. The Fenelons allege that they and the Defendants "are engaged in providing services and products in relevant markets." (Compl.). Moreover, for more than two decades, Defendants and their co-conspirators have targeted select classes of minority businesses, individuals, and families for their antitrust, non-profit racketeering and other unlawful activities. *Id*. Consumers, such as the Fenelons have been injured and marginalized, without their knowledge or consent. *Id*. Furthermore, from 2002 until the present date, Defendants have engaged in "complex, multilayered ongoing monopolies, combinations, and conspiracies that unreasonably restrain interstate trade and commerce, that violat[e] the Sherman Act, the Clayton Act, reprehensible patterns of nonprofit racketeering, government funding abuses, civil rights violations, deliberate and

serious judicial frauds, and other wrongs as set forth herein." *Id*. The Fenelons also catalog a host of alleged wrongs committed by myriad Defendants and others. *Id*.

On October 7, 2022, the undersigned reviewed the complaint and questioned whether the Fenelons had stated a colorable claim against Defendants, or, alternatively, whether they stated a claim upon which relief can be granted. (Oct. 7, 2022 Order [doc. # 4]). Furthermore, although the Fenelons made allegations in their Complaint about a myriad of practices by various judges, attorneys, non-profit bar associations, and legal aid corporations, they did not allege how they personally were harmed by these practices. *Id*. They also did not request any specific relief in the Complaint. *Id*.

To resolve these concerns, the court ordered the Fenelons to amend their Complaint within fourteen (14) days to describe the specific conduct of each Defendant that formed the basis for each of the Fenelons' claims under each federal law cited and precisely how those violations caused them to suffer cognizable injury that might be remedied by this suit. *Id*. The court cautioned the Fenelons that if they failed to so comply or if the court determined that they failed to state a claim for relief, then dismissal would be recommended. *Id*.

To date, the Fenelons have failed to respond to the court order.

## Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."
*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Unless otherwise specified, a
dismissal under Rule 41(b) operates as an adjudication on the merits. FED. R. CIV. P. 41(b).

A dismissal with prejudice represents an "an extreme sanction that deprives the litigant of
the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.
1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to
comply with a court order is warranted only where "a clear record of delay or contumacious
conduct by the plaintiff exists and a lesser sanction would not better serve the interests of
justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations
and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the
presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[er]self
and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional
conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in
this case. As discussed above, the Fenelons have ignored at least one court order. Furthermore,
dismissal of the case may be the least sanction where, as here, there is every indication that the
Fenelons no longer wish to pursue their cause of action.[1] Finally, the Fenelons' unrepentant

---

[1] In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an
unserved defendant when service is not perfected within 90 days after suit is initiated against the
defendant. *See* FED. R. CIV. P. 4(m). In this case, the Fenelons filed the instant suit against
Defendants over five months ago. There is currently no expectation or reasonable likelihood that
they intend to perfect service against Defendants. *Contrast Millan v. USAA General Indem. Co.*,
546 F.3d 321 (5th Cir. 2008). The Fenelons also have not demonstrated any basis which would
establish good cause for their continued failure to timely effect service

flaunting of court orders[2] reflects their own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to them as litigants unrepresented by counsel.[4]

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court.  In addition, the Complaint still fails to state a claim for relief for the reasons detailed in the Court's October 7, 2022 Order.  FED. R. CIV. P. 12(b)(6).[5]  Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice, in its entirety.  FED. R. CIV. P. 41(b) and/or 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

---

[2]  This report and recommendation itself provides the Fenelons with further notice of their non-compliance.

[3]  *See Millan, supra.*

[4]  While the court is aware that the Fenelons are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[5] A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  FED. R. CIV. P. 8(a)(2).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.

response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE